1  **ZBS LAW, LLP**
   Nichole L. Glowin, Esq. (SBN 262932)
2  30 Corporate Park, Suite 450
   Irvine, CA 92606
3  Telephone: (714) 848-7920
   bankruptcy@zbslaw.com
4

5  Attorneys for Movant, Clearlake Ventures IV, LLC

6

7                    **UNITED STATES BANKRUPTCY COURT**

8        **EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

9

10 In re:                                  Case No.: 22-21231

11 Larry Errol Miller,                     DC No. NLG-1

12                                         Chapter 13

13            Debtor.
                                           **MOTION FOR RELIEF FROM THE**
14                                         **AUTOMATIC STAY (REAL**
                                           **PROPERTY)**
15

16                                         HEARING:
                                           DATE:      July 26, 2022
17                                         TIME:      1:30 p.m.
                                           PLACE:     United States Bankruptcy Court
18                                                    501 I Street, Suite 3-200
                                                      Sacramento, CA 95814
19                                                    Courtroom 33

20

21

22         Clearlake Ventures IV, LLC (hereinafter "Movant") hereby moves this Court pursuant to

23 11 U.S.C. §362 for In Rem Relief from the Automatic Stay with respect to certain real property of

24 Debtor.  The facts and law supporting this Motion are set forth below and in the Declaration in

25 Support of Movant's Motion for Relief from the Automatic Stay (Real Property) (hereinafter

26 "Declaration") filed contemporaneously herewith.

27 ///

28 ///

-1-
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)**

## I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this Motion under the provisions of 28 U.S.C. §§ 157(b) and 1334 and 11 U.S.C. § 362. Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1408 and 1409.

## II. STATEMENT OF FACTS

1.      On or about April 7, 2004, Leslye Rae Miller (the "Borrower") executed a Home Equity Line of Credit Agreement in the principal sum of $50,000.00 (the "Note"). The Note is duly indorsed. Movant, directly or through an agent, has possession of the Note and is entitled to enforce the Note. A copy of the Note is attached to the Exhibits in Support of Movant's Motion for Relief from Stay (Real Property") and Declaration in Support Thereof (collectively the "Exhibits") as **Exhibit 1**.

2.      The Note is secured by a Deed of Trust (the "Deed of Trust") executed by the Borrower encumbering the real property commonly known as 18121 Forest Road, Lakehead, CA 96051 (the "Property") and recorded in the Shasta County Recorder's Office as Instrument No. 2004-0020903. The Note and Deed of Trust are collectively referred to herein as the "Loan." A copy of the Deed of Trust is attached to Exhibits in Support of the Motion as **Exhibit 2**.

3.      Movant is the assignee of the beneficial interest under the Deed of Trust.  A true and correct copy of the Assignment of Deed of Trust is attached to the Exhibits in Support of the Motion as **Exhibit 3**.

4.      Borrower defaulted under the Note and Deed of Trust, and as a result, a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded on title to the Property on May 13, 2021. Thereafter, a Notice of Trustees' Sale was recorded on title to the Property reflecting an initial foreclosure sale date of November 15, 2021 ("NTS"). True and correct copies of the NOD and NTS are attached to the Exhibits in Support of the Motion as **Exhibits 4 and 5**, respectively.

5.      Just days before the scheduled foreclosure sale, on November 12, 2021, Debtor Larry Errol Miller ("Debtor"), a relative of the Borrower, filed a skeletal petition under Chapter

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)**

13 of the Bankruptcy Code as Case No. 21-23871 ("First Bankruptcy Action"). Debtor failed to proceed with re-organization in the First Bankruptcy Action in good faith and the Chapter 13 Trustee moved for dismissal for failure to make plan payments and complete service of integral documents. The First Bankruptcy Action was dismissed per the request of the Chapter 13 Trustee on April 5, 2022 ("First BK Dismissal Order"). True and correct copies of the Docket for the First Bankruptcy Action and the First BK Dismissal Order are attached to Exhibits in Support of the Motion as **Exhibits 6, and 7**, respectively.

6.     Following the dismissal of the First Bankruptcy Action, foreclosure was re-scheduled to occur on May 16, 2022. Two days before the sale, Debtor filed a second skeletal petition under Chapter 13 of the Bankruptcy Code as Case No. 22-21231 to further thwart Movant's foreclosure efforts ("Current Bankruptcy Action").

7.     On May 31, 2022, Debtor filed his schedules in the Current Bankruptcy Action which reflect the following pertinent information: i) that the Property serves as Debtor's primary residence (Schedule A); ii) that the Property has a fair market value of $255,000.00 (Schedule A); iii) that the Property is encumbered by a first position deed of trust in favor of Chase ("Chase Deed"), Movant's Deed of Trust and a tax lien in favor of the Franchise Tax Board ("Tax Lien") (Schedule D); iv) that Debtor has $800.00 in disposable income to fund a Plan (Schedule J). True and correct copies of Debtors Schedules A, D and J are attached to the Exhibits in Support of the Motion as **Exhibit 8**.

8.     On May 27, 2022, Debtor filed a proposed Chapter 13 Plan in the Current Bankruptcy Action as Docket No. 11 ("Plan"). The Plan lists Movant's claim in Class 4 which is reserved for liens not in default wherein the Debtor will continue making regular monthly payments as required by the loan documents.

9.     Since filing the Current Bankruptcy Action Debtor has failed to make any payments to Movant. As of the filing of this Motion, Debtor is contractually due for the March 1, 2014 payment and owes Movant the following post-petition payments:

| PAYMENTS | | | |
|---|---|---|---|
| **Number of Payments** | **Payment Amount** | **Payment Dates** | **Total** |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)**

| 1 | $470.76 | June 25, 2022 | $470.76 |
|---|---|---|---|
| *Less partial payments (suspense balance):* | | | $0.00 |
| **TOTAL:** | | | **$470.76** |

An additional payment will come due on July 25, 2022 and on the 25th day of each month thereafter until the Loan is paid in full. A true and correct copy of Movant's Post-Petition Payment History is attached to the Exhibits in Support of the Motion as **Exhibit 9**.

10.    As of June 2, 2022, the total outstanding due under the Note is the approximate sum of $79,141.68.  This is an approximate amount for the purpose of this Motion only.  An exact payoff figure can be obtained upon request.

11.    As reflected in Movant's Relief from Stay Coversheet filed concurrently herewith, and taking into account all of the liens encumbering the Property and reasonable costs associated with the sale of the Property, no equity exists in the Property to benefit Debtor or the estate as follows:

Fair Market Value:                     $255,000.00
Less:
   Chase Deed of Trust:           $216,492.00
   Movant Deed of Trust:          $79,141.68
   Tax Lien:                            $88,265.91
                        ——————————————
Equity in the Property:            ($128,899.59)

## LAW AND ARGUMENT

**A.    Movant is Entitled to Relief From Stay Under 11 U.S.C. § 362(d)(1) as Movant is Not Adequately Protected**

Section 362(d)(1) provides, in pertinent part:

(d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

    (1)    For *cause*, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. § 362(d)(1). What constitutes cause to terminate the automatic stay is determined on a case-by-case basis. *Delaney-Morin v. Day (In re Delaney-Morin)*, 304 B.R. 365, 369 (9th Cir. BAP 2003)(citation omitted). One example of "cause" prescribed by the statute is a lack of

-4-

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)**

1   adequate protection. *See* 11 U.S.C. § 362(d)(1); *see also Ellis v. Parr (In re Ellis)*, 60 B.R. 432,

2   435 (9th Cir. BAP 1985). A lack of adequate protection may include, among other things, the

3   lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments. *See*

4   *e.g., Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396 (9th Cir. 1984) (citation omitted). The Ninth

5   Circuit has established that an equity cushion of 20% constitutes adequate protection for a

6   secured creditor. *Pistole*, 734 F.2d at 1401; *see also Downey Sav. & Loan Ass'n v. Helionetics,*

7   *Inc. (In re Helionetics, Inc.)*, 70 B.R. 433, 440 (Bankr. C.D. Cal. 1987) (holding that a 20.4%

8   equity cushion was sufficient to protect the creditor's interest in its collateral).

9        Debtor is contractually due for the May 1, 2014 payment and is currently in post-petition

10   default under the Note and Deed of Trust for June 25, 2022. Debtor's failure to timely tender

11   periodic payments to Movant, on its own, provides sufficient cause to grant relief under §

12   362(d)(1) pursuant to the holdings in *Harlan* and *Ellis*. Additionally, the Property is currently

13   encumbered by liens that eclipse the value of the Property by over $128,000.00, thereby

14   depriving Movant of any equity-based adequate protection. Based on the foregoing, Movant

15   submits that Debtor is unable and/or unwilling to provide adequate protection to Movant and,

16   thus, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

17   **B.    Movant is Entitled to Relief from Stay Under 11 U.S.C. § 326(d)(2) as No**

18   **Equity Exists in the Property and the Property is Not Necessary for Reorganization**

19        Section 362(d)(2) provides, in pertinent part:

20   (d)    On request of a party in interest and after notice and a hearing, the court shall
             grant relief from the stay provided under subsection (a) of this section, such as by
21           terminating, annulling, modifying, or conditioning such stay-

22        (2)    with respect to a stay of an act against property under subsection (a) of this
                   section, if-

23

24        (A)    the debtor does not have enough equity in the property; and

25        (B)    such property is not necessary to an effective reorganization…

26   11 U.S.C. §362(d)(2). For purposes of 11 U.S.C. § 362(d)(2), "equity" is defined as the

27   difference between the value of the property and all encumbrances upon it. *Stewart v. Gurley,*

28

-5-
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)**

745 F.2d 1194 (9th Cir. 1984). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under Section 362(d)(1). *In re San Clemente Estates,* 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980).

Schedule A filed in the Current Bankruptcy Action reflects that the Property has a fair market value of $255,000.00 (See **Exhibit 8** attached hereto). As reflected in Movant's Relief from Stay Coversheet, the Property is encumbered by liens totaling $383,899.59, thereby resulting in a negative equity cushion of -$128,899.59. Moreover, Debtor cannot afford a re-organization while retaining the Property as the loan is due for March 1, 2014, $44,874.42 in pre-petition payments plus additional foreclosure costs are due and Debtor's Schedule J only includes $800.00 in disposable income; an amount that falls far short of a 60-month cure of Movant's arrears, administrative costs and Debtor's other obligations (See **Exhibit 8** attached hereto and Movant's Relief from Stay Coversheet). Movant is therefore entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) as the property lacks equity and cannot be part of an effective re-organization.

**C.    Movant is Entitled to Relief from Stay Under 11 U.S.C. § 326(d)(4) as a Result of The Multiple Bankruptcy Filings Affecting the Property and Debtors Bad Faith**

To obtain relief under 11 U.S.C. § 362(d)(4), the Court must find the existence of three elements: 1) that the debtor's bankruptcy was filed as part of a scheme; 2) that the object of the scheme was to delay, hinder and defraud creditors; and 3) that the scheme involved unauthorized transfers of the property and/or multiple bankruptcies affecting the property. 11 U.S.C. § 362(d)(4); *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 870-871 (9th Cir. BAP 2012)). Because Congress clearly intended to curb abuse of the bankruptcy system by both debtors and related third parties, Courts are further authorized to grant relief under Section 362(d)(4) through this use of its inherent authority set forth in 11 U.S.C. § 105(a) to prevent abuse of this process by the original borrower, debtor or related third parties. H.R. Rep. No. 109-31(l), Part 1 at 70 (2005), 2005 WL 832198, at *138); *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 375 (2007). In fact, Courts have

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)**

expanded the scope of relief under Section 362(d)(4) to apply in cases filed by seemingly innocent debtors so long as the bankruptcy is shown to be part of a larger scheme to hinder, defraud and delay the moving party. *In re 4th Street Investors, Inc.*, 474 B.R. 709,. 711-12 (Bankr. C.D. Cal. 2012).

To prove the bad faith scheme, the moving party need only show that the instant bankruptcy was filed for an intention *other* than what is sanctioned by the Code, *not* intentional abuse by the debtor, ill will or malicious conduct.  *In re Southern Calif. Sound Systems, Inc.* 69 BR 893, 901 (BC SD CA 1987).  A true measure of bad faith uses the "totality of the circumstances test," which takes into account all facts leading up to the filing of the bankruptcy case. *Matter of Little Creek Develop. Co.*, 779 F2d 1068, 1072 (5th Cir. 1986). If it is obvious that the debtor is attempting to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. *In re Arnold, supra* (citing *In re Thirteenth Place, Inc.*, 30 B.R. 503, 505 (9th Cir. BAP 1983). Similarly the court can determine that a case was filed in bad faith based on a pattern of conduct by the parties, and may impute bad faith from the timing and circumstances of filing. *In re Eardley*, No. BAPCC-08-1175 MOMKH, 2009 WL 7809924, at *6 (B.A.P. 9th Cir. May 11, 2009) (citing *Eisen v. Curry (In re Eisen),* 14 F.3d 469 (9th Cir.1994)); *In re Craighead*, 377 B.R. 648 (N.D.Cal., 2007). In absence of extraordinary circumstances, successive or serial filings for the purpose of reimposing the automatic stay, particularly when the debtor's purpose is to delay a scheduled foreclosure, should not be viewed with favor by the court. *In re McKissy,* 103 B.R. 189, 192 (Bankr. N.D. IL 1989) (citing *In re Russo,* 94 B.R. 127, 129 (Bankr. N.D. IL 1988).

In this matter, cause exists to grant in rem relief 11 U.S.C. § 362(d)(4) as Debtor has undertaken several bad faith actions at the expense of Movant. Following a 2014 loan default and the scheduling of foreclosure, Debtor filed the First Bankruptcy Action days before the sale to prevent Movant from exercising its default remedies. Debtor failed to prosecute the First Bankruptcy Action by timely making plan payments and/or serving relevant documents on the parties. Debtor's actions resulted in the dismissal of the First Bankruptcy Action (See **Exhibit 7** attached hereto). After the foreclosure sale was re-set, Debtor filed the Current Bankruptcy Action

-7-

just two days prior to once again thwart Movant. To add insult to injury, Debtor cannot proceed with any feasible re-organization in good faith as he lacks sufficient income to do so. Debtor's Schedules reflect the existence of an over $88,000.00 priority tax lien secured by the Property that must be addressed through the Plan (See **Exhibit 8** at Schedule D) and disposable income of only $800.00 per month to fund a Plan (See **Exhibit 8** at Schedule J). Additionally, over $44,000.00 in pre-petition arrears are due on Movant's loan. When the priority tax debt, Movant's arrears, Chapter 13 administrative costs and Debtor's other obligations are combined, such obligations far eclipse the $800.00 in income at Debtor's disposal. Debtor's consecutive bankruptcy filings and consistent failure to prosecute said filings in good faith establish the overall arc of Debtor's scheme to delay Movant's default remedies through sham re-organization attempts. Movant therefore respectfully requests that this Court grant it in rem relief pursuant to 11 U.S.C. § 362(d)(4) as Debtor's Current Bankruptcy Action is being used solely to prohibit Movant from regaining possession of the Property.

## IV. CONCLUSION AND PRAYER FOR RELIEF

For all the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

(1).    For an Order terminating the automatic stay of 11 U.S.C. §362(a) to allow Movant, and its successors and/or assigns, to proceed under applicable non-bankruptcy law to enforce its state law rights and remedies in the Property under the subject Note and Deed of Trust, including but not limited to foreclosure and/or any other actions necessary to recover possession of the Property.

(2).    For an Order granting in rem relief under 11 U.S.C. § 362(d)(4) so that the Order granting relief, if recorded in compliance with applicable State laws governing notices of interest or liens in real property, shall be binding in any other case under this title purporting to affect the Property filed not later than two (2) years after the date of entry of such order by the Court,

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)**

except that a debtor in a subsequent case may move for relief from the order based upon good cause after notice and hearing.

(3).     For an Order that the co-debtor stay under § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as the Debtor herein.

(4).     For an Order that the fourteen day stay described by Federal Rule of Bankruptcy Procedure Rule 4001(a)(3) is waived.

(5).     That the Order will be binding in any and all chapters following any later conversion of this case to a case under a different chapter of Title 11 of the United States Bankruptcy Code, unless a specific exception has been provided herein.

(6).     That the Movant, its successors and/or assigns, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law and that Movant may contact Debtors via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

(7).     For an Order permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant Motion by adding these amounts to the outstanding balance due under Movant's Note, as allowed under applicable non-bankruptcy law.

(8).     For such other and further relief as the Court deems appropriate.

Dated:  6/27/2022                         **ZBS LAW, LLP**

                                          By:  /s/ Nichole L. Glowin
                                              Nichole L. Glowin SBN 262932
                                              Attorney for Movant.

-9-

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)**