# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTES

---

**Case Title:** Larry Errol Miller

**Case No.:** 22-21231 - E - 13
**Docket Control No.** NLG-1
**Date:** 07/26/2022
**Time:** 1:30 PM

**Matter:**  [17] - Motion for Relief from Automatic Stay [NLG-1] Filed by Creditor Clearlake Ventures IV, LLC (Fee Paid $188) (eFilingID: 7111498) (msts) [17] - Motion/Application for Relief from Co-Debtor Stay [NLG-1] Filed by Creditor Clearlake Ventures IV, LLC (msts)

**Judge: Ronald H. Sargis**
**Courtroom Deputy: Kamee Thao**
**Reporter: Diamond Reporters**
**Department: E**

---

**APPEARANCES for:**
**Movant(s):**
(by phone) Creditor's Attorney - Raymond Jereva
**Respondent(s):**
None

---

### CIVIL MINUTES

Motion Granted

Findings of fact and conclusions of law stated orally on the record

Local Rule 9014-1(f)(1) Motion—Hearing Required.

Sufficient Notice Provided.  The Proof of Service states that the Motion and supporting pleadings were served on Debtor, Debtor's Attorney, Chapter 13 Trustee, creditors, parties requesting special notice, and Office of the United States Trustee on June 27, 2022.  By the court's calculation, 29 days' notice was provided.  28 days' notice is required.

The Motion for Relief from the Automatic Stay has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1).  Failure of the respondent and other parties in interest to file written opposition at least fourteen days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(B) is considered to be the equivalent of a statement of nonopposition. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (upholding a court ruling based upon a local rule construing a party's failure to file opposition as consent to grant a motion).  The defaults of the non-responding parties and other parties in interest are entered.

| The Motion for Relief from the Automatic Stay is granted. |
| --- |

Clearlake Ventures IV, LLC ("Movant") seeks relief from the automatic stay with respect to Larry Errol Miller's ("Debtor") real property commonly known as 18121 Forest Road, Lakehead, CA 96051 ("Property"). Movant has provided the Declaration of Steven Daniels to introduce evidence to authenticate the documents upon which it bases the claim and the obligation secured by the Property.

Movant argues Debtor's relative, Leslye Rae Miller ("Borrower"), has not made one post-petition payment, with a total of $470.76 in post-petition payments past due. Declaration, Dckt. 20. Movant also provides evidence that there are ninety-nine pre-petition payments in default, with a pre-petition arrearage of $44,874.42. Movant's Information Sheet, Dckt. 19.

**CHAPTER 13 TRUSTEE'S NON-OPPOSITION**

David P. Cusick ("the Chapter 13 Trustee") filed a Non-Opposition on June 30, 2022. Dckt. 23. The Chapter 13 Trustee states that they are unopposed to the Motion for Relief from the Automatic Stay.

**DISCUSSION**

**Review of Chapter 13 Plan and Schedules**

In the proposed Chapter 13 Plan Chase Mortgage is listed as having a secured claim for which the currently monthly payment is $1,324.72 and that the "Debtor" will make the monthly payment as a Class 4 claim. Plan, ¶ 3.10; Dckt. 11.

On Schedule A/B Debtor states that he is the only person who has an interest in the Property, stating it has a value of $255,000. Schedule A/B, ¶ 1.1; Dckt. 12.

On Schedule C, Debtor claims no exemption in the Property.

On Schedule D, Debtor lists Chase Bank having a "First Mortgage" encumbering the Property, identifying "Leslye Rae Miller (Deceased)" as relating to the First Mortgage. *Id*. at 12. On Schedule C Debtor identifies a 1970 Cadillac Coupe that was his mother's car, that his mother is deceased, and that he has inherited the car from his deceased mother. Debtor states this claim secured by the First Mortgage to be ($216,492).

On Schedule D Debtor identifies FCI Lending Services as having a secured claim for ($86,095) that is secured by the Property, and that such debt was as "Account of Lesley Rae Miller (Deceased)." *Id*. at 13. It is this secured claim that Movant asserts having acquired.

Debtor also identifies the California Franchise Tax Board as having a secured claim of ($88,266) that is secured by the Property. *Id*.

As noted by the Debtor, the Property is substantially over-encumbered and that there is about ($136,000) of the FCI Lending Services and the FTB claims that are unsecured.

On Schedule H Debtor identifies "Leslie Rae Miller (deceased)" as the co-debtor on the FCI Lending Services and the Chase Mortgage claims. *Id*. at 18.

On Schedule I, Debtor lists having gross monthly income of $3,275. *Id*. at 20. This is comprised of $1,964 in Social Security Benefits, $811 retirement income, and $500 for a "Loan Repayment." *Id*. At 19-20. On Schedule A/B an asset with a value of $26,000 is identified as a "Loan Due from Frank Stahlschmidt." *Id*. at 8.

On Schedule J, Debtor lists having necessary monthly expenses which total ($2,475). *Id*. at 21-22. Of this, ($1,803), which is 72.9% of Debtor's stated total monthly expenses, is for mortgage payments. In looking at Debtors reasonable and necessary monthly expenses, the court notes the following:

A.      For Home Maintenance, Repair, and Upkeep, Debtor lists expenses of........$0.00

B.      Debtor does not list any monthly insurance or property tax expense for the Property, and it is not clear if that is included in the ($1,803) in monthly mortgage expense.

C.      For Food and Housekeeping Supplies, Debtor lists an expense of.............($150)

      1.      Assuming ($45) a month for housekeeping supplies, that leaves only ($105) a month for food. Over a 30 day month, that is only ($1.17) per meal for Debtor's food.

D.      For Clothing, Laundry, and Dry Cleaning Debtor lists an expense of.............($10).

E.      For Vehicle Gas, Maintenance, Repairs, and Registration, Debtor a monthly expense of..............................................................................................($75)

F.      Debtor lists no monthly expense for any out of pocket medical or dental expenses.

G.      Debtor lists no monthly expense for any Entertainment.

Debtor proposed Plan is for 5 years. It is not clear how Debtor will live for 5 years on ($1.67) in food; how Debtor will operate and maintain a vehicle on ($75) a month [which, after deducting ($15) a month for registration, Debtor would be able to buy only 10.9 gallons of gas at a cost of $5.50 a gallon]; how Debtor will keep himself clothed for 5 years on ($10) a month, and how Debtor can have no entertainment expense of any kind for 5 years.

It appears that Schedule J may be a "constructed" list of expenses, divorced from reality, to create the illusion that Debtor has $800 a month to fund a Chapter 13 Plan.

**Ruling**

From the evidence provided to the court, and only for purposes of this Motion for Relief, the debt secured by this asset is determined to be $79,141.68 (Declaration, Dckt. 20), while the value of the Property is determined to be $255,000.00, as stated in Schedules A/B and D filed by Debtor.

**11 U.S.C. § 362(d)(1)**

Whether there is cause under 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay is a matter within the discretion of a bankruptcy court and is decided on a case-by-case basis. *See J E Livestock, Inc. v. Wells Fargo Bank, N.A. (In re J E Livestock, Inc.)*, 375 B.R. 892 (B.A.P. 10th Cir. 2007) (quoting *In re Busch*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003)) (explaining that granting relief is determined on a case-by-case basis because "cause" is not further defined in the Bankruptcy Code); *In re Silverling*, 179 B.R. 909 (Bankr. E.D. Cal. 1995), *aff'd sub nom. Silverling v. United States (In re Silverling)*, No. CIV. S-95-470 WBS, 1996 U.S. Dist. LEXIS 4332 (E.D. Cal. 1996). While granting relief for cause includes a lack of adequate protection, there are other grounds. *See In re J E Livestock, Inc.*, 375 B.R. at 897 (quoting *In re Busch*, 294 B.R. at 140). The court maintains the right to grant relief from stay for cause when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has not made required payments, or is using bankruptcy as a means to delay payment or foreclosure. *W. Equities, Inc. v. Harlan (In re Harlan)*, 783 F.2d 839 (9th Cir. 1986); *Ellis v. Parr (In re Ellis)*, 60 B.R. 432 (B.A.P. 9th Cir. 1985). The court determines that cause exists for terminating the automatic stay, including defaults in post-petition payments that have come due. 11 U.S.C. § 362(d)(1); *In re Ellis*, 60 B.R. 432.

**11 U.S.C. § 362(d)(2)**

A debtor has no equity in property when the liens against the property exceed the property's value. *Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984). Once a movant under 11 U.S.C. § 362(d)(2) establishes that a debtor or estate has no equity in property, it is the burden of the debtor or trustee to establish that the collateral at issue is necessary to an effective rehabilitation. 11 U.S.C. § 362(g)(2); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 375–76 (1988); 3 COLLIER ON BANKRUPTCY ¶ 362.07[4][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (stating that Chapter 13 debtors are rehabilitated, not reorganized). Based upon the evidence submitted, the court determines that there is no equity in the Property for either Debtor or the Estate. 11 U.S.C. § 362(d)(2). Based upon the evidence

submitted to the court, and no opposition or showing having been made by Debtor or the Chapter 13 Trustee, the court determines that there is no equity in the Property for either Debtor or the Estate, and the property is not necessary for any effective rehabilitation in this Chapter 13 case.

## Co-Debtor Stay

Additionally, Movant has provided sufficient grounds to grant relief from the co-debtor stay under 11 U.S.C. § 1301(a). Movant has established, pursuant to 11 U.S.C. § 1301(a), that it would be irreparably harmed if relief from the co-debtor stay were not granted because Leslye Rae Miller executed the Note secured by a Deed of Trust on the Property and defaulted under the Note and Deed of Trust.

The Debtor identifies Leslye Rae Miller as deceased and it is likely that this may well be Debtor's mother who Debtor identifies as deceased.

The court shall issue an order terminating and vacating the automatic stay and co-debtor stay to allow Movant, and its agents, representatives and successors, and all other creditors having lien rights against the Property, to conduct a nonjudicial foreclosure sale pursuant to applicable nonbankruptcy law and their contractual rights, and for any purchaser, or successor to a purchaser, at the nonjudicial foreclosure sale to obtain possession of the Property.

## 11 U.S.C. § 362(d)(4)
## Prospective Relief from Future Stays

11 U.S.C. § 362(d)(4) allows the court to grant relief from the stay when the court finds that the petition was filed as a part of a scheme to delay, hinder, or defraud creditors that involved either (i) transfer of all or part ownership or interest in the property without consent of the secured creditors or court approval or (ii) multiple bankruptcy cases affecting particular property. 3 COLLIER ON BANKRUPTCY ¶ 362.07 (Alan n. Resnick & Henry H. Sommer eds. 16th ed.).

Certain patterns and conduct that have been characterized as bad faith include recent transfers of assets, a debtor's inability to reorganize, and unnecessary delays by serial filings. *Id.* In this case, this is Debtor's third bankruptcy case filed in the last several years. The first bankruptcy case was a chapter 7 case filed on May 6, 2019. See Case No. 19-22902. Debtor received their discharge on August 21, 2019. *Id.*, Dckt. 22. The second bankruptcy case was a chapter 13 case filed on November 12, 2021. See Case No. 21-23871. Debtor's case was dismissed on April 5, 2022, due to failure to confirm a plan and delinquency in plan payments. *Id.* Civil Minutes, Dckt. 30; Order of Dismissal, Dckt. 32.

The current case was filed on May 14, 2022. Additionally, Debtor filed a proposed Plan on May 27, 2022. Dckt. 11. Debtor's Plan, however, appears skeletal and claims to include "nonstandard provisions" which have not been attached. Although the Plan appears deficient, it does not appear to the court that this second Chapter 13 case has been filed in an attempt to "delay, hinder, or defraud" creditors.

The fact that a debtor commences a bankruptcy case to stop a foreclosure sale is neither shocking nor *per se* bad faith. The automatic stay was created to stabilize the financial crisis and allow all parties, debtor and creditors, to take stock of the situation. There is insufficient evidence to show the current Chapter 13 case was not filed in a bona fide, good faith reason.

The court does not find proper grounds under 11 U.S.C. § 362(d)(4).

Though denying this portion of the relief requested without prejudice, the court notes that Debtor will have effectively granted such relief if he files another bankruptcy case on or before April 5, 2023, which is one year after the dismissal of Debtor's prior bankruptcy case 21-23871. Congress provides in 11 U.S.C. § 362(c)(4) that if there were two prior bankruptcy cases that were pending and dismissed within a year of the filing of a third case, no automatic stay goes into effect in the third bankruptcy case (with the court being authorized to impose the stay in that third case).

**Request for Attorneys' Fees**

In the Motion, almost as if an afterthought, Movant requests that it be allowed attorneys' fees "by adding these amounts to the outstanding balance due under Movant's Note." Motion, Dckt. 17 at 9:15-16. The Motion does not allege any contractual or statutory grounds for such fees (other than to state Movant seeks the fees "as allowed under applicable non-bankruptcy law"). Dckt. 17 at 9:16. No dollar amount is requested for such fees. No evidence is provided of Movant having incurred any attorneys' fees or having any obligation to pay attorneys' fees. Based on the pleadings, the court would either: (1) have to award attorneys' fees based on grounds made out of whole cloth, or (2) research all of the documents and California statutes and draft for Movant grounds for attorneys' fees, and then make up a number for the amount of such fees out of whole cloth. The court is not inclined to do either.

Furthermore, a claim for attorney's fees and related nontaxable expenses is to be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. FED. R. CIV. P. 54(d)(2)(A); FED. R. BANKR. P. 7054, 9014.

**Federal Rule of Bankruptcy Procedure 4001(a)(3)**
**Request for Waiver of Fourteen-Day Stay of Enforcement**

Federal Rule of Bankruptcy Procedure 4001(a)(3) stays an order granting a motion for relief from the automatic stay for fourteen days after the order is entered, unless the court orders otherwise. Movant requests, for no particular reason, that the court grant relief from the Rule as adopted by the United States Supreme Court. With no grounds for such relief specified, the court will not grant additional relief merely stated in the prayer.

Movant has not pleaded adequate facts and presented sufficient evidence to support the court waiving the fourteen-day stay of enforcement required under Federal Rule of Bankruptcy Procedure 4001(a)(3), and this part of the requested relief is not granted.

**Request for Prospective Injunctive Relief**

Movant makes an **additional request stated in the prayer**, for which no grounds are clearly stated in the Motion. Movant's further relief requested in the prayer is that this court make this order, **as opposed to every other order issued by the court**, binding and effective despite any conversion of this case to another chapter of the Code. Though stated in the prayer, no grounds are stated in the Motion for grounds for such relief from the stay. The Motion presumes that conversion of the bankruptcy case will be reimposed if this case were converted to one under another Chapter.

As stated above, Movant's Motion does not state any grounds for such relief. Movant does not allege that notwithstanding an order granting relief from the automatic stay, a stealth stay continues in existence, waiting to spring to life and render prior orders of this court granting relief from the stay invalid and rendering all acts taken by parties in reliance on that order void.

No points and authorities is provided in support of the Motion. This is not unusual for a relatively simple (in a legal authorities sense) motion for relief from stay as the one before the court. Other than referencing the court to the legal basis (11 U.S.C. § 362(d)(3) or (4)) and then pleading adequate grounds thereunder, it is not necessary for a movant to provide a copy of the statute quotations from well known cases. However, if a movant is seeking relief from a possible future stay, which may arise upon conversion, the legal points and authorities for such heretofore unknown nascent stay is necessary.

As noted by another bankruptcy judge, such request (unsupported by any grounds or legal authority) for relief of a future stay in the same bankruptcy case:

> [A] request for an order stating that the court's termination of the automatic stay will be binding despite conversion of the case to another chapter unless a specific exception is provided by the Bankruptcy Code is a common, albeit silly, request in a stay relief motion and does not require an adversary proceeding. Settled bankruptcy law recognizes that the order remains effective in such circumstances. Hence, the proposed provision is merely declarative of existing law and is not appropriate to include in a stay relief order.

> Indeed, requests for including in orders provisions that are declarative of existing law are not innocuous. First, the mere fact that counsel finds it necessary to ask for such a ruling fosters the misimpression that the law is other than it is. Moreover, one who routinely makes such unnecessary requests may eventually have to deal with an opponent who uses the fact of one's pattern of making such requests as that lawyer's concession that the law is not as it is.

*In re Van Ness*, 399 B.R. 897, 907 (Bankr. E.D. Cal. 2009) (citing *Aloyan v. Campos (In re Campos)*, 128 B.R. 790, 791–92 (Bankr. C.D. Cal. 1991); *In re Greetis*, 98 B.R. 509, 513 (Bankr. S.D. Cal. 1989)).

As noted in the 2009 ruling quoted above, the "silly" request for unnecessary relief may well be ultimately deemed an admission by Movant and its counsel that all orders granting relief from the automatic stay are immediately terminated as to any relief granted Movant and other creditors represented by counsel, and upon conversion, any action taken by such creditor is a *per se* violation of the automatic stay.

**Request to Contract With Debtor**

Finally, Movant requests to be granted the option to offer and enter into a potential forbearance agreement, loan modification, refinance agreement, or other such agreement. Movant wishes to be allowed to contact Debtors in order to make such an offer. Movant provides no grounds for why Movant should be entitled to such a request. It is unclear the scope and effect of any such non-specific relief would properly apply to or could be legally impose.

No other or additional relief is granted by the court.